Defendant was indicted for murder and found guilty as charged in an unqualified verdict. He appeals from the verdict and the sentence imposed thereunder.

There is no bill of exception nor assignment of errors in the record. We find no error in the proceedings. Under these circumstances, there is nothing for us to do, but to affirm the verdict and sentence.

For the reasons assigned, the verdict and sentence herein appealed from are affirmed.

145 So. 530

## C. C. CORDILL INVESTMENT COMPANY, Inc., v. MAYER ISRAEL COMPANY, Inc.

No. 32042.

Jan. 3, 1933.

Dart & Dart, of New Orleans, for appellant.

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, for appellee.

ODOM, J.

In 1921 plaintiff leased to defendant a certain building on Canal street in New Orleans for a period of ten years. Four years later, the city of New Orleans ordered the repaving of Canal street, the cost to be borne by the adjacent property owners. The assessment apportioned to the property owned by the lessor amounted to $1,288.19. A controversy arose between plaintiff and defendant as to which should pay this paving bill, plaintiff contending that the amount should be paid by defendant and defendant contending that it should be paid by plaintiff. Plaintiff brought the present suit, the purpose of which was to have defendant ordered to pay the bill. Plaintiff's demand was rejected and it appealed to this court.

Plaintiff now moves that the case be transferred to the Court of Appeal as the amount involved is less than $2,000. Counsel state in their motion that the appeal was inadvertently taken to this court.

It is perfectly clear that this court has no jurisdiction. Act No. 19 of 1912 provides that, in any case otherwise properly brought up on appeal to the Supreme Court or to any of the Courts of Appeal, the judges of the courts shall have the right, in cases where the appellant shall have appealed to the wrong court, to transfer the case to the proper court instead of dismissing the appeal.

It is therefore ordered that this case be transferred to the Court of Appeal for the parish of Orleans and that said court proceed therewith in the same manner as if the same had been appealed to it originally, and that the appellant pay all such costs as may have been incurred in this court and such as may be incurred in the transfer as provided by said act.